IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                                : CHAPTER ELEVEN
                                      :
BIOPORE, INC.,                        : BANKRUPTCY NO.: 1-09-bk-01694
                                      :
         DEBTOR                       :

# OPINION[1]

Before the Court is its consideration of whether to approve the un-objected to Plan of Reorganization filed by the above-captioned Debtor. The Court raised an issue of its jurisdiction to approve the Plan at the time of the hearing on the confirmation of the Debtor's Plan. Article IV at paragraph 4.1(c) addresses Class 3 - Deferred Claims. That subparagraph provides, inter alia, that the Confirmation Order shall provide that BCSI (Blood Cell Storage, Inc.) shall reissue the 300,000 BCSI Shares previously tendered to it by the Debtor to holders of Allowed Deferred Claims as the Debtor dictates. Further, Article V at paragraph 5.1(c), reads "that, upon Liquidating BioPore tendering to BCSI the shares necessary to pay the Allowed Deferred Claims as provided herein, BCSI shall promptly issue its share certificates to holders of Allowed Deferred Claims in accordance with Liquidating BioPore's written instructions."[2]

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

[2] Paragraph 5.1(c) seemingly is at odds with the Disclosure Statement, the previously referenced paragraph 4.1(c), and the terms of the Order which the Debtor requests the Court to sign because it indicates that the Debtor will tender the Shares to BCSI whereas all other relevant portions of the Disclosure Statement, Plan, and Confirmation Order indicate the Shares were transferred to BCSI prior to the petition.

Paragraph 8 of the proposed Order reads, in its entirety, as follows:

> 8. Blood Cell Storage, Inc. ("BCSI") shall reissue the BCSI Shares to the holders of Allowed Deferred Claims and of Allowed Equity Interests as Liquidating BioPore directs. Liquidating BioPore shall, within 20 days of the Effective Date, instruct BCSI to whom the BCSI Shares are to be issued, and BCSI shall reissue the BCSI Shares as Liquidating BioPore directs within 30 days of having been so instructed.

The Court questioned whether it had authority to order an affirmative action be completed by an entity which, by a review of this entire bankruptcy, appears to have no interest in this case. The Debtor responds that the authority is found in 11 U.S.C. § 1123(a)(5)(B) which provides, in relevant part, as follows:

> 11 U.S.C.A. § 1123
> (a) Notwithstanding any otherwise applicable nonbankruptcy law, a plan shall--
>     (5) provide adequate means for the plan's implementation, such as--
>         (B) transfer of all or any part of the property of the estate to one or more entities, whether organized before or after the confirmation of such plan;

In addition to the above authority, the Debtor argues that the shares of stock in question are owned by the Debtor and had been delivered prior to the filing of the petition to BCSI. Furthermore, there was a prepetition request from the Debtor to BCSI to reissue those shares according to directions from the Debtor. These facts are proffered to support the Debtor's position that a complaint by way of a turnover action was not necessary and that the reissuing of the stock could be accomplished by the terms of a confirmed plan.

The Court recognizes that it has nationwide service of process pursuant to Federal Rule of Bankruptcy Procedure 7004(d) and personal jurisdiction, likewise, as conferred by Federal Rule of Bankruptcy Procedure 7004(f). There is no doubt that the Court has subject matter jurisdiction presently in its authority to confirm a plan of reorganization in a

Chapter 11 case. Due process, in order for this Court to exercise personal jurisdiction, must meet traditional notions of fair play and substantial justice. *International Shoe Co. vs. State of Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). A review of the docket reflects no service of the Plan on BCSI and no evidence that BCSI has any knowledge of the bankruptcy. Other than the citation to 11 U.S.C. § 1123(a)(5)(B), the Debtor has provided no authority to support the position that this Court can order BCSI, an entity, non-affiliated with this bankruptcy, to take any action; namely, to reissue stock. I decline to exercise any personal jurisdiction over BCSI under these circumstances and will not sign the proposed Order confirming the Plan for liquidation in its entirety.

I changed paragraph 8 of the Debtor's proposed Order in the following manner:

> 8. Class 3 Deferred Claims, as deferred claim is defined in paragraph 1.18 of the Plan, acknowledge and have accepted that they shall be reissued Shares of Blood Cell Storage, Inc. ("BCSI") as directed by the Debtor. The Debtor, is hereby permitted to take any action appropriate to effectuate with BCSI the re-issuance of said stock.

Based upon the foregoing, the Court confirms the Debtor's Chapter 11 Plan with the changes made to paragraph 8 and attached hereto.

Date: October 12, 2009

John J. Thomas, Bankruptcy Judge
(CMS)

*This opinion is electronically signed and filed on the same date.*